IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MICHAEL W. MALLORY             )
                               )
v.                             ) NO. 3:04-0782
                               ) JUDGE CAMPBELL
CORRECTIONAL MEDICAL           )
SERVICES, et al.               )

MEMORANDUM

Pending before the Court are a Motion for Summary Judgment filed by Defendants Parker, Phillips and Holland (Docket No. 76); Defendant Limbird's Motion for Summary Judgment (Docket No. 80); Defendant Weaver's Motion for Summary Judgment (Docket No. 86); and a Motion for Summary Judgment filed by Defendants Correctional Medical Services, Collins, Smith and Webb (Docket No. 99).

For the reasons stated herein, the Motion for Summary Judgment filed by Defendants Parker, Phillips and Holland (Docket No. 76) is GRANTED; Defendant Limbird's Motion for Summary Judgment (Docket No. 80) is GRANTED; Defendant Weaver's Motion for Summary Judgment (Docket No. 86) is GRANTED; and the Motion for Summary Judgment filed by Defendants Correctional Medical Services, Collins, Smith and Webb (Docket No. 99) is GRANTED.

FACTS

Plaintiff Michael Mallory is a state prison inmate. Plaintiff's First Amended Complaint (Docket No. 42) alleges that on August 31, 2003, while Plaintiff was incarcerated at the Davidson County, Tennessee Criminal Justice Center ("CJC"), Plaintiff slipped and fell, exiting a shower stall, and injured his right wrist. Plaintiff contends that he was sent to Nashville General Hospital, where x-rays were taken and his wrist was placed in a fiberglass splint and wrapped in an ACE bandage.

Plaintiff asserts that on September 5, 2003, he was transferred to Middle Tennessee Correctional Complex ("MTCC").[1] By the end of November, 2003, Plaintiff had been moved to Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee.

Plaintiff's claims arise from the alleged lack of adequate medical care provided by Defendants, who were employees at CJC, MTCC, NWCX and Nashville General Hospital, concerning Plaintiff's injured wrist. Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs and violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff's First Amended Complaint also alleges state law claims for negligence against Defendants Weaver, Limbird, and the Hospital Authority of the Metropolitan Government of Nashville and Davidson County, Tennessee d/b/a Nashville General Hospital at Meharry ("Nashville General").

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is

---

[1] MTCC is now called the Charles Bass Correctional Complex. Docket No. 121, ¶ 1.

insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## DELIBERATE INDIFFERENCE

Deliberate indifference to a prisoner's serious medical needs on the part of prison officials and employees violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To prove deliberate indifference, the Plaintiff must show that the medical needs, objectively, are sufficiently serious, and that the state actors involved acted in a deliberately indifferent manner. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992).

A sufficiently serious medical need is one which has been diagnosed by a physician as mandating treatment or one which is so obvious that a lay person would recognize the need for medical attention. McKinney v. Compton, 888 F.Supp. 75, 77 (W.D. Tenn. 1995). The medical need at issue must be serious enough to implicate constitutional concerns. Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992).

To show that a Defendant acted in a deliberately indifferent manner, Plaintiff must show that the Defendant acted with a sufficiently culpable state of mind; that is, the Defendant must have been actually aware of Plaintiff's serious medical need or of an excessive risk to his health. Plaintiff must also show that the Defendant consciously disregarded this need or risk in a manner evidencing wantonness. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). In Farmer, the Supreme Court equated this state of mind with subjective recklessness. Id. at 1979-80.

While a prisoner need not show that a prison official acted or failed to act with an intent to cause harm, the prisoner must show more than an objectively unreasonable act on the part of the

3

defendant. Farmer, 114 S.Ct. at 1979-80. A showing that the official, with the benefit of hindsight, could have taken a different action will not suffice to show deliberate indifference. Id. In addition, negligence will not support a claim under the Eighth Amendment. Estelle, 429 U.S. at 105-06.

Plaintiff disputes the adequacy of his medical treatment. When a prisoner has received some medical attention and the dispute is over the adequacy of that treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860, n. 5 (6th Cir. 1976). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. at 105-06.

While inmates are entitled to medical treatment, the Eighth Amendment does not require prison officials to comply with a prisoner's demands for a particular type of treatment. Carrigan v. State of Delaware, 957 F.Supp. 1376, 1384 (D. Del. 1997). Evidence which shows only that an inmate disagrees with a diagnosis or the course of treatment selected for him is not sufficient. Little v. Lycoming County, 912 F.Supp. 809, 816 (M.D. Pa. 1996) (citing Estelle, 97 S.Ct. at 291-92). The key question is whether Defendants have provided Plaintiff with some type of treatment, regardless of whether it is what Plaintiff desires. Id.

## DEFENDANTS PARKER, PHILLIPS AND HOLLAND

Defendant Tony Parker was, at all relevant times, the Warden at NWCX. Defendant Samantha Phillips was, at all relevant times, the Health Services Administrator at NWCX. Defendant Flora Holland was, at all relevant times, the Warden at MTCC. These three Defendants are all employees of the Tennessee Department of Correction. Plaintiff alleges that Defendants Parker, Phillips and Holland were responsible for supervising the provision of adequate medical care for inmates and were deliberately indifferent to his medical needs.

4

Defendant Parker was responsible for the overall supervision of the NWCX facility, including insuring that a safe and secure environment was provided for inmates and employees. Docket No. 121, ¶ 8. Plaintiff admits that Defendant Parker did not make any medical decisions regarding the specific medical treatment of inmates. Id., ¶ 9. The medical decisions are made by licensed health care professionals. Id. Plaintiff contends, however, that Defendant Parker was aware of Plaintiff's constant pain and efforts to obtain more effective medical care. Id., ¶ 10.

Defendant Phillips was responsible for general oversight and management of the health services unit at NWCX. Docket No. 121, ¶ 12. She did not make any medical decisions regarding the specific medical treatment of inmates. Id. Plaintiff asserts, however, that Defendant Phillips did supervise scheduling of appointments, routinely reviewed inmate grievances and always concurred with the decisions of the doctors. Id.

Defendant Holland [2] was responsible for the overall supervision of MTCC, a facility where inmates are assessed and then assigned to other institutions. Docket No. 121, ¶ 2. Medical care was provided to inmates at MTCC pursuant to a contract with Correctional Medical Services. Id., ¶ 4. Plaintiff admits that Defendant Holland did not make any medical decisions regarding the specific medical treatment that any inmate received. Id., ¶ 5. Plaintiff contends, however, that Defendant Holland's supervisory and scheduling decisions may adversely affect the provision of adequate medical care. Id.

---

[2] The facts asserted in Plaintiff's First Amended Complaint (Docket No. 42) allege that Defendant Holland violated Plaintiff's rights not to be retaliated against for reporting conditions which could be a violation of 42 U.S.C. § 1983. Docket No. 42, ¶ 20. Plaintiff's Causes of Action, however, do not assert a claim for retaliation. Id., ¶¶ 49-53. In any event, the facts presented do not support a claim for retaliation, since inmates have no right to be assigned to a particular institution. Meachum v. Fano, 427 U.S. 215, 225 (1976); Redd v. Gilless, 857 F.Supp. 601, 604 (W.D. Tenn. 1994). Therefore, to the extent a retaliation claim is asserted, it is dismissed.

5

Defendants Parker, Phillips and Holland cannot be liable under a theory of *respondeat superior* simply because they were supervisors. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Any Section 1983 liability of supervisory personnel must be based upon more than the right to control employees. Turner v. City of Taylor, 412 F.3d 629, 643 (6thCir. 2005) (citing Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)). There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. Id. At a minimum, Plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. Id.

The Court finds that Plaintiff has not shown that Defendants Parker, Phillips and Holland were deliberately indifferent to his medical needs. As more fully explained below, Plaintiff has not shown unconstitutional conduct of a subordinate which these Defendants could have "authorized, approved or knowingly acquiesced in." Plaintiff has not shown that these Defendants encouraged or directly participated in any unconstitutional misconduct. Plaintiff received substantial medical attention and treatment. See e.g., Docket No. 121, ¶¶ 15-24 and Docket No. 122, ¶¶ 2-17. The record before this Court evidences attention to Plaintiff's medical needs, not deliberate indifference thereto.

For all these reasons, the Motion for Summary Judgment of Defendants Parker, Phillips and Holland is GRANTED, and all claims against those Defendants are DISMISSED.

## DEFENDANT LIMBIRD

Defendant Thomas Limbird, M.D. was, at all relevant times, an orthopedic surgeon who provided medical treatment to state prisoners. Dr. Limbird treated Plaintiff for his wrist problems

6

in early 2004 and performed two surgeries on Plaintiff's wrist because of the collapse of bones. Id., ¶¶ 13-16.

Plaintiff alleges that Dr. Limbird was deliberately indifferent to Plaintiff's medical needs because of Dr. Limbird's alleged failure to treat Plaintiff's problems promptly and to follow up with physical therapy on a timely basis. Plaintiff also asserts that Dr. Limbird failed to provide Plaintiff's HIV medication during his stays at General Hospital for the wrist surgeries. Finally, Plaintiff contends that he never gave informed consent to Dr. Limbird for fusion of the wrist.

The Court finds that Plaintiff's allegations against Dr. Limbird do not rise to the level of deliberate indifference. Clearly Dr. Limbird provided medical care to Plaintiff, including two surgeries. See e.g., Docket No. 122, ¶¶ 13-17. Alleged negligence or medical malpractice is not a constitutional violation. There is no evidence that Dr. Limbird acted with the type of wantonness necessary to support a claim of deliberate indifference.

Plaintiff has conceded that he cannot establish a medical malpractice claim against Dr. Limbird. Docket No. 122, ¶ 23. Plaintiff's failure to provide expert testimony required for a medical malpractice claim also defeats Plaintiff's informed consent claim under Tennessee law. Tenn. Code Ann. § 29-26-118.

Accordingly, Defendant Limbird's Motion for Summary Judgment is GRANTED, and Plaintiff's claims against Dr. Limbird are DISMISSED.

## DEFENDANT WEAVER

Dr. Lance Weaver was, at all relevant times, a physician who provided medical treatment to state prisoners. Dr. Weaver saw Plaintiff on one occasion, September 25, 2003, at Lois DeBerry Special Needs Facility ("DSNF"). Docket No. 123, ¶¶ 6-7. Dr. Weaver assessed Plaintiff's problem

7

as contusion of the right wrist with small chip fracture of the styloid process of the radius and chronic edema. Id., ¶ 8. Dr. Weaver recommended that Plaintiff discontinue use of the sling, use an ACE bandage, keep his wrist elevated, actively move the wrist, and get a magnetic resonance imaging ("MRI") study of the wrist. Id, ¶¶ 8 and 10. That MRI was performed on November 18, 2003. Id., ¶ 13. By that time, Dr. Weaver was no longer working with inmates at DSNF. Id., ¶ 14.

Plaintiff alleges that Dr. Weaver was deliberately indifferent to Plaintiff's condition, and yet Plaintiff cites nothing in the records to support this allegation. See Docket No. 130. In fact, Plaintiff has admitted that there was no additional treatment which Dr. Weaver could have or should have recommended as of the time he examined Plaintiff to halt the degenerative process which was ongoing in Plaintiff's right wrist or to prevent or slow the collapse of the bones in Plaintiff's wrist. Docket No. 123, ¶ 19. Plaintiff has admitted that Dr. Weaver accurately diagnosed Plaintiff's condition, appropriately recommended the MRI, and recommended appropriate treatment. Id., ¶ 25. Plaintiff has admitted that Dr. Weaver did not cause Plaintiff to suffer any injury which would not otherwise have occurred. Id., ¶ 26. See also Id., ¶¶ 27-29.

Dr. Weaver clearly provided medical attention and treatment to Plaintiff. Docket No. 123, ¶¶ 7-14. The Court finds that Dr. Weaver was not deliberately indifferent to Plaintiff's medical needs. Plaintiff has conceded that he has no medical malpractice claim against Dr. Weaver. Docket No. 123, ¶¶ 25 and 29.

Accordingly, Defendant Weaver's Motion for Summary Judgment (Docket No. 86) is GRANTED, and all claims against Dr. Weaver are DISMISSED.

8

## DEFENDANTS CORRECTIONAL MEDICAL SERVICES, COLLINS, SMITH AND WEBB

Defendant Correctional Medical Services ("CMS") is a Missouri corporation which contracted with the State of Tennessee to provide and manage inmate health care at the three institutions at issue in this case. Defendant Collins was, at all relevant times, the Medical Director at MTCC and a treating physician. Dr. Smith was, at all relevant times, the Medical Director at NWCX and a treating physician. Defendant Webb was, at all relevant times, the Health Services Administrator at MTCC.

Again, the record reveals that Plaintiff received extensive medical treatment during his stays at MTCC and NWCX. For example, see Docket No. 124, ¶¶ 4, 6, 8-9, 11-18, 21, 26, 28-32, 35-36, 42-72, and 76-86. Plaintiff has not shown that Defendants CMS, Collins, Smith and Webb were deliberately indifferent to his medical needs. Plaintiff's disagreement with his medical treatment does not rise to the level of a constitutional violation. Thus, the Court need not reach Defendants' claims of qualified immunity or failure to exhaust administrative remedies.

Accordingly, the Motion for Summary Judgment of Defendants CMS, Collins, Smith and Webb (Docket No. 99) is GRANTED, and all claims against these Defendants are DISMISSED.

## STATE LAW CLAIM

Plaintiff's remaining claim, against Defendant Nashville General (Docket No. 42, ¶¶ 72-79), is a state law negligence claim. Having dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over that state law claim, pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's negligence claim against Nashville General is DISMISSED without prejudice.

## CONCLUSION

9

For the reasons set forth above, the four pending Motions for Summary Judgment are granted, and this action is dismissed. The pretrial conference set for February 27, 2006, and the jury trial set for March 7, 2006, are canceled.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE